IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD EBERLY and
PATRICIA EBERLY,

      Plaintiffs,

                                                                   Civil No. 04-0977 WJ/RLP

CARL MANNING, LEE Zillhart,
MARTHA Zillhart, MAGELLA MANNING,
CHRISTINA A. WIELAND, ZUNI MOUNTAIN, LTD,
a New Mexico Limited Partnership, and
LORENZO SANCHEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING A DEFENDANT FOR INSUFFICIENCY OF PROCESS

THIS MATTER comes before the Court upon a Motion to Dismiss for Lack of Jurisdiction filed by Defendant Christina A. Wieland on May 23, 2005 (**Doc. 30**). Plaintiffs filed this action in federal court based on diversity jurisdiction. The complaint asserts the common law tort claims of trespass, conversion and prima facie tort relating to damage done to Plaintiffs' property. The Court previously addressed a very similar motion filed by Defendants Carl Manning, Lee Zillhart, and Martha Zillhart. See Doc. 18.

Plaintiffs and Defendants own neighboring properties. The land at the center of this dispute was originally a family ranch owned by Defendant Wieland. The land eventually became known as the Box S Ranch Subdivision, located in McKinley County. The Eberly's purchased three lots in the Subdivision at different times, amounting to about eight acres. Defendants Martha and Lee Zillhart, residents of Kansas, and Carl Manning, a resident of New Mexico, own

lots in the Subdivision.  Martha Zillhart and Carl Manning are siblings and children of Christina Wieland.

Plaintiffs contend that Defendants are trying to drive them off their land, and Defendants contend that Plaintiffs are trying to cut off access to their homes by blocking a driveway easement which runs through the land.  This easement is the subject of an ongoing dispute which has been heard before the McKinley County Board of Commissioners as well as litigated in the state court in that county.  See Doc. 18 at 4 n.3; Response at 3.  The state court case on the easement issue apparently is still pending.  Response at 3, and Doc. 18 at 4 n. 3.   Plaintiffs have adamantly taken the position that the easement does not exist.

Plaintiffs have filed suit against Defendants for carrying out acts which have affected the integrity and value of their property, such as: blading a road through the property; destroying fruit trees; tearing up grass and vegetation by driving four-wheelers on areas that are clearly off the disputed driveway easement; moving soil and filling a livestock tank.  Defendant Wieland is a named Defendant in the action and is included in the allegations of the complaint, but apparently did not actually take part in the alleged destructive activities.  See, e.g., Eberly Affidavit, Ex. 1 to Response to Motion to Dismiss filed by the Zillharts and Carl Manning, Doc. 5; see also the Court's description of alleged events, Doc. 18.   Based on her affidavit, Defendant Wieland had deeded  some of the property to her children, but never sold any land to the Eberly's.  She asserts that she sold land to Zuni Mountain, Ltd, and Lorenzo Sanchez, other named Defendants in this case.  Wieland Aff. 33 (Doc. 33), ¶¶ 3, 11, 12-13.[1]  Plaintiffs assert in the response to the instant

---

[1] Zuni Mountain, Ltd and Lorenzo Sanchez did not participate in either of the motions filed. They are being sued for monetary damages arising from fraud and misrepresentation connected to the sale of the land to Plaintiffs (Count IV in the Complaint).

motion that Defendant Wieland conspired with her children to get the land sold to the Eberly's back "for nothing" with harassment and threats of physical violence. Response at 7. As noted in the Court's Memorandum Opinion and Order on the previous motion, this case appears to be more about mutual animosity than property rights. (Doc. 18, at 1-2).[2]

**I.    Amount in Controversy for Diversity Jurisdiction**

The instant motion seeks dismissal of Defendant Wieland based on lack of jurisdiction because of an insufficient amount in controversy for diversity, and insufficiency of service. The Court has previously addressed these issues with regard to the motion filed by the Zillharts and Carl Manning. Defendant Wieland, who is represented by the same attorney as the Zillharts and Manning, offers the same arguments on the issues raised.  The Court sees no need to re-analyze the same issues.  There is nothing special or distinguishable about Defendant Wieland's role as a Defendant in this case which would lead the Court to a different result on the amount in controversy question.  The Court has already determined that based solely on the value of Plaintiffs' property, the jurisdictional amount required for diversity under 28 U.S.C. § 1332. would not be satisfied, but that based on Plaintiffs' request for damages for emotional distress in excess of $75,000, the amount in controversy requirement has been met (although the Court noted that it was "*extremely* unlikely" that Plaintiffs would recover that amount for emotional distress, see Doc. 18 at 10-11).  The same findings apply to the same issue in the instant motion. Defendant attempts to argue that the claim for emotional damages should not be included because Plaintiffs' claims against Defendant Wieland are frivolous.  The Court declines to address the

---

[2] More of the details of the lawsuit are set out in the Court's Memorandum Opinion and Order, Doc. 18.

merits in order to determine a jurisdictional question.  See, Ruhrgas Ag v. Marathon Oil Co., et al., 526 U.S. 574 (1999) (recognizing that subject matter jurisdiction must be "established as a threshold matter") (citation omitted) (court must look at subject matter jurisdiction before the merits).[3]  Thus, Defendant's motion on this basis will be denied.

## II.    Insufficiency of Process

However, the Court does find a reason to come to a different conclusion on the issue of insufficiency of process, the other basis argued by Defendant Wieland for her dismissal from this case.  In the scenario regarding the Zillharts and Carl Manning, service was late by about a week over the amount of time (120 days) allowed for service under Fed.R.Civ.P. 4(m).  The Court carefully considered the specific factual assertions concerning the day service was attempted on those Defendants and ultimately concluded that they had been effectively served, despite the fact that there seemed to be a concerted effort by those individuals to evade and obstruct service.  Doc. 18 at 16-17.  The Court also recognized, based on the specific circumstances concerning Plaintiffs' efforts to serve the Zillharts and Carl Manning, that the interpersonal dynamics had deteriorated nearly to a fisticuff level and the contentiousness of the case had clearly made service difficult.  As a result, the Court exercised its discretion and granted a *nunc pro tunc* permissive extension of the time for service under Rule 4(m).

In contrast, the facts with regard to service upon Defendant Wieland present no such extenuating circumstances.  Since the complaint in this case was filed on August 31, 2004, service

---

[3] This motion does not concern dismissal under Fed.R.Civ.P. 12(b)(1), in which the jurisdictional issue may be intertwined with the merits of the case.  See, Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1129 (10th Cir.), cert. denied, 528 U.S. 964 (1999); Tippet v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997).

4

should have been completed by December 29, 2004.  Defendant was served at her home in Albuquerque on May 7, 2005 (see Doc. 26).  Plaintiff asserts that the case is "an extremely contentious case, which has made service of process difficult."  Response at 8.  Plaintiff does not, however, assert any specific facts to support this statement.  Thus, there is no basis for a finding of "good cause" for a delay in service of *nine months* after the complaint was filed and *four months* after service should have been completed (December 29, 2004), which would have required the Court to extend time for service for "an appropriate period."  Fed.R.Civ. P. 4(m).

Under the federal procedural rules, a showing of "good cause" is not necessary for the Court to exercise its discretion to extend time for service.  Id.; see Advisory Comm. Notes to 1993 Amendments.  However, I find that there are no considerations or circumstances which would persuade me to conclude that a permissive extension is warranted.  There are no facts to suggest that service of process was a struggle with regard to this particular Defendant.  Defendant Wieland, as mentioned above, does not seem to be as embroiled in the thick of the feuding between the parties.

Statements made by Defendant Wieland in her affidavit are consistent with the allegations in the complaint.  There seems to be no reason Plaintiffs would have had difficulty either locating or serving this Defendant, nor do they assert any.  Defendant Wieland is 78 years old, lives in Albuquerque and tends a sick husband who is undergoing cancer treatment and suffers from a respiratory disorder and macular degeneration.  Wieland Aff., ¶ 1.  The Court also finds it difficult to ignore the extreme lateness of service upon this Defendant (service which was apparently without incident), another factor which weighs against the granting of an extension.

Accordingly, for these reasons, the complaint against Defendant Wieland will be dismissed

without prejudice for insufficiency of service of process, based on untimeliness, under Fed.R.Civ.P. 12(b)(4).

**THEREFORE,**

**IT IS ORDERED** that Defendant Wieland's Motion to Dismiss for Lack of Jurisdiction **(Doc. 30)** is hereby DENIED on the basis of jurisdictional amount in controversy, and GRANTED on the basis of insufficiency of process under Fed.R.Civ.P.12(b)(4) in that Defendant Wieland is dismissed without prejudice from this action.

_____
UNITED STATES DISTRICT JUDGE