IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD EBERLY and
PATRICIA EBERLY,

       Plaintiffs,

                                                Civil No. 04-0977 WJ/RLP

CARL MANNING, LEE Zillhart,
MARTHA Zillhart, MAGELLA MANNING,
CHRISTINA A. WIELAND, ZUNI MOUNTAIN, LTD,
a New Mexico Limited Partnership, and
LORENZO SANCHEZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed April 4, 2006 **(Doc. 63).**

A Rule 59(e) motion to alter or amend a judgment may be granted to correct manifest errors of law or to present newly discovered evidence. Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). Plaintiffs contend that the Court committed clear error in its grant of summary judgment to Defendants because the Court refused to consider the doctrine of "merger," as well as in the Court's incorrect factual conclusion that Christina Wieland never took back any of the property she sold to Sanchez. Plaintiffs also allege error based on an expansion of the easement which constitutes trespass and conversion.

The Court has reviewed yet again the pleadings and documents submitted in this case, and is not persuaded that any error has been committed.

### I.     Ms. Wieland's Purchase of Land from Lorenzo Sanchez

The record shows that in 1979, Christina Wieland sold 2400 acres or property to Lorenzo and Gloria Sanchez, reserving an easement over an original existing road which ran through the property, pursuant to a Real Estate contract.  Doc. 33, Ex. A, and ¶¶ 6, 11.  Sometime prior to 1993, Ms. Wieland later bought back only "a portion" of her property back from L Sanchez, which included Lots 1-20 in Block One pursuant to a special warranty deed.[1]  These lots include those which are at the center of this hotly contested litigation.

In its Memorandum Opinion and Order granting summary judgment to Defendants, the Court did state that there was "no evidence that Wieland ever took back any of the property she sold to Sanchez."  Doc. 58 at 14.  However, this factual error does not amount to clear error, nor does it form the basis for the Court's modification of its ruling.

Plaintiffs rely on § 7.5 (termination by merger) of Restatement 3rd Property  § 7.5 for their position that any easement that existed when Ms. Wieland sold her land to Lorenzo Sanchez was extinguished when she bought back Lots 1-20.  Section 7.5 states that "[a] servitude is terminated when **all the benefits and burdens** come into a **single** ownership."   The rationale of this provision is that when the burdens and benefits are united in a single person, or group of persons, the servitude ceases to serve any function – and it is then terminated.  Comment a, Rest. 3d Prop-Serv § 7.5.

Because Ms. Wieland bought back only a portion of the land she originally owned, and because the easement ran through most of the Box S Subdivision (the name for the entire area of land which originally belonged to Ms. Wieland), **all** the benefits and burdens relating to this

---

[1] The date is unclear on the document, but appears to be "1991."  Doc. 33, Ex. B.

easement did not unite under a **single** ownership. Both conditions would have to be present in order for § 7.5 to apply7.[2]

Thus, the Court's factual inaccuracy regarding Ms. Wieland's purchase of a portion of her land back does not change the Court's legal conclusion, and is not clear error. Defendants are still entitled to summary judgment as a matter of law, and Plaintiff's motion to alter or amend judgment on this issue is denied.

## II.     Expansion of Easement

Plaintiffs also seeks an amendment of the judgment based on an overlooked and unauthorized expansion of the easement. Plaintiffs contend that the Court ignored the fact that the easement that was originally reserved (and which, according to Plaintiffs' incorrect conclusion, was eventually extinguished), was a ten foot dirt track, and not a forty foot driveway. Plaintiffs allege that the expansion of this "dirt track" occurred as a result of Defendants' trespass and conversion over the property.

The Court finds no clear error in its findings on this issue. The Subdivision Plat, which was created in 1985, indicates a 40-foot wide driveway easement. The 40-foot wide easement had been approved by McKinley County Commissioners in 1985. In 1993, the Board of McKinley County Commissioners refused to vacate that same easement, ruling that the Easement is the only subdivision access to Lots 18, 19 and 20 and that vacating the Easement would violate Subdivision regulations.

---

[2] According to the Subdivision Plat map, attached to Wieland Aff., Doc. 33 as Ex. D, the easement road starts at the lower portion of the Subdivision through Blocks 3 and 4 and continues north to Block 1. In Block 1, this original existing road follows the path through lot 8 all the way through lots 19 and 20, and "Ys" near lots 15 and 16.

Plaintiffs have pointed to no facts or evidence which were overlooked by the Court in its discussion.  Their motion is denied on this issue as well.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure **(Doc. 63)** is hereby DENIED for reasons described above.

UNITED STATES DISTRICT JUDGE