# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD EBERLY and
PATRICIA EBERLY,

      Plaintiffs,

                                                                      Civil No. 04-0977 WJ/RLP

CARL MANNING, LEE Zillhart,
MARTHA Zillhart, MAGELLA MANNING,
CHRISTINA A. WIELAND, ZUNI MOUNTAIN, LTD,
a New Mexico Limited Partnership, and
LORENZO SANCHEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT REGARDING IMPOSITION OF SANCTIONS

THIS MATTER comes before the Court upon Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed August 30, 2006 (**Doc. 97**). Upon motion by Defendants, the Court imposed sanctions in the form of attorney's fees under 28 U.S.C. § 1927 in a Memorandum Opinion and Order entered August 17, 2006 (Doc. 95). It is this Opinion and Order with which Plaintiffs' counsel, Mr. William G. Stripp, takes issue. Counsel contends that the sanction should be lifted, based on a distortion of the facts by defense counsel. Counsel also contends that the Court committed clear error by reciting false statements of fact based on argument of defense counsel rather than upon the record or other admissible evidence, and also that the Court did not state with specificity what conduct of Plaintiffs' counsel was sanctionable pursuant to 28 U.S.C. § 1927.

**Background**

The Court has become accustomed to reviewing almost every one of its dispositive rulings in this case on Mr. Stripp's motions. For example, Plaintiffs' counsel sought a reversal of the summary judgment that was granted to Defendants (Docs. 58, 74). That motion was denied. (Doc. 91). After costs were settled against Plaintiffs in the amount of $1,308.82 (Doc. 89), Plaintiffs applied for review of the Clerk's Order. The application was also denied. (Doc. 93). Finally, following a hearing on Defendants' motion for sanctions under Rule 11 and attorney fees under 28 U.S.C. § 1927 (Docs. 61, 62, 94), the Court denied the motion for Rule 11 sanctions, but granted in part the motion for attorney fees in the amount of $15,000 (Doc. 95). Plaintiffs' counsel contends this ruling, too, should not stand.

**Discussion**

A Rule 59(e) motion to alter or amend a judgment may be granted to correct manifest errors of law or to present newly discovered evidence. Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). For reasons which follow, I am not persuaded either that the Court committed any errors of law, or that Mr. Stripp has presented to the Court newly discovered evidence which justifies a modification of the Court's Order.

Plaintiffs' brief begins with a recitation of the background of events and mutual discord between the neighbors which led to the filing of the state court case in McKinley County. It then goes on to recount the progress – or lack of it – in that case, and the mounting tensions between the parties. The Court has always recognized the high degree of personal contentiousness between the parties, but limited consideration of the animosity to what was relevant to the issues

raised in the federal action.[1]  Likewise, the Court was also aware of the state court action, but Plaintiffs' counsel ("counsel," for purposes of this Opinion and Order) seems to attribute the Court's imposition of sanctions to aspects of the state court case which have no bearing on the Court's decision to impose those sanctions.

Contrary to counsel's implications, the Court did not state that Plaintiffs were "in the process of losing a related state court case." Mem. Brf. at 4. What the Court stated was that "Defendants *contend* that the only reason Plaintiffs' counsel . . . filed this case in federal court is because counsel is in the process of losing a related state court case." Mem. Opin. & Order of August 17, 2006 (hereinafter, "Aug. 17th Order"). Mr. Stripp points out that the Court erred in its statement that Paul Petranto's "state court action was dismissed based on his failure to exhaust administrative remedies by asking the County to vacate the subdivision plat," because the state court dismissed only the action against McKinley County. Counsel assures the Court that the state court case against the individual named Defendants "is still very much alive." Mem. Brf. at 4-5.

The Court's statement concerning the status of the state court case is not inconsistent with the truth, nor does it attenuate the point the Court made in the sentence following that statement: that Mr. Petranto's efforts to vacate the 40' driveway easement, which was depicted in the subdivision plat, ultimately failed when he brought the matter before the McKinley County Commissioners. See, Aug. 17th Order at 6. The existence and validity of the easement is the essence of what has driven this litigation from the start, and pitted the neighbors against each

---

[1] See, e.g., Doc. 18 at 14, where the animosity between the parties was considered for purposes of determining whether service was effected on certain Defendants.

other, turning them into litigation gladiators. The pendency of the state court action against certain Defendants hardly qualifies as "newly discovered evidence," nor does it render the Court's findings erroneous. In fact, it only supports the Court's conclusion that this case "should have remained a state court *in rem* action." Aug. 17th Order at 6. Further, the fact that the state action "languished" and the state court "would not take any definitive action" (Mem. Brf. at 2) is not a basis for federal jurisdiction.

Counsel points to an error concerning the date Mr. Petranto's surveyor, Gary Gritsko, was deposed. Mr. Gritsko was deposed for the federal action, but the Court's Opinion states that he was deposed for the state court case. However, the error was not, as Mr. Stripp contends, the fault of defense counsel's "misrepresentations," but a clerical error by the Court. The thrust of Mr. Gritsko's testimony was that Mr. Petranto had never told him about an existing road, which challenged Mr. Petranto's position that the road allegedly bladed by Defendants was in a different location than the driveway easement as it appeared on the plat map. Whether Plaintiffs' counsel was aware of Mr. Gritsko's testimony prior to the filing of the federal action, or three months after the federal action was filed, has no effect on the Court's findings, or on counsel's duty to investigate the facts which are essential to the claims he is raising in a case. It is certainly not the type of error which would justify altering or amending the Court's findings, which constituted the basis for an imposition of sanctions.

The Court's statement that Plaintiffs "did not dispute that the dirt road bladed by Carl Manning was the only existing road in the subdivision" on pages 10-11 in the Opinion, is not incorrect. Plaintiffs may have held that position from time to time in the case, but the problem was that the factual evidence, including their own testimony, did not consistently support their

4

shifting legal stances, as the Court noted with specifics in the Opinion and Order.

Finally, counsel complains that the Court was not specific enough in its award of fees in identifying the alleged sanctionable conduct.  After reviewing the Opinion and Order which counsel challenges, I am convinced that the Court has presented sufficient factual findings to support the imposition of sanctions.  In sum, and in general, Plaintiffs filed in federal court a case which was clearly an *in rem* matter, invoking what the Court considered at the time to be (and still does) a very close call regarding jurisdictional amount-in-controversy, which contained claims almost identical to claims against the same Defendants in a pending state court case, and which claims hinged on the *in rem* matter.  Plaintiffs proceeded with the litigation changing course at times on their positions -- e.g., whether the easement issue would be disputed in this case, and maintaining these positions on frequently inconsistent factual testimony.  Plaintiffs' counsel nevertheless pressed on the litigation of the case in this mode, until Plaintiffs requested a dismissal without prejudice in response to Defendants' motion to dismiss.  The reasons given for their request were reasons which should have become apparent to Plaintiffs' counsel had he adequately investigated the case prior to filing it, instead of filing the action in federal court when state court was not going as well or as fast as he had hoped.   Meanwhile, Defendants were forced to expend time and money to defend this case while continuing to defend in state court on the same issues, against a plaintiff who shared interests with the Plaintiffs here.

The Court believes that the Opinion and Order adequately lays out the specifics for the general conduct just described.   Finally, since Defendants requested over $32,000.00 in attorney fees, the imposition of sanctions less than half that amount ($15,000.00) was justified.  Plaintiff's counsel may appeal to the next level -- the Tenth Circuit Court of Appeals -- if he seeks further

redress.  One more item deserves some mention.  Mr. Stripp takes offense at the e-mail address used by defense counsel, Mr. Macik, as "improper for an attorney" (Reply at 8): "coolhand@osogrande.com.  If Mr. Stripp sincerely believes this is cause for concern, he should raise the matter with the State Bar of New Mexico Disciplinary Board.  Defense counsel's e-mail address matters not the least for purposes of the Court's ruling on the instant motion.

    **THEREFORE,**

    **IT IS ORDERED** that  Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure **(Doc. 97)** is hereby DENIED for reasons stated in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE